Jeffrey M. Singletary (#233528)
jsingletary@swlaw.com
Brett W. Johnson (#205988)
bwjohnson@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:  714.427.7000
Facsimile:   714.427.7799

Attorneys for Plaintiff Wimberly Allison
Tong & Goo, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIMBERLY ALLISON TONG & GOO, N.A., a Delaware corporation, | CASE NO.  8:17-cv-1677 |
| Plaintiff, | **Wimberly Allison Tong & Goo, N.A.'s Complaint** |
| v. | |
| GRENADA RESORT COMPLEX LTD., a foreign corporation; GRC LEISURE ESTATE LTD, a foreign corporation; HARMONY INVESTCORP LTD., a foreign corporation; CHARLES LIU, an individual; and MICHAEL COGSWELL, an individual, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Wimberly Allison Tong & Goo, N.A. ("WATG") files this complaint against Grenada Resort Complex Ltd., GRC Leisure Estate Ltd., Harmony Investcorp Ltd. (collectively, the "Entity Defendants"), Charles Liu, and Michael Cogswell (collectively, "Defendants"), and alleges as follows:

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**NATURE OF ACTION**

1.      This is an action by Plaintiff WATG for damages and injunctive relief arising under claims of common law breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, negligent misrepresentation, goods and services rendered, account stated, violations of California Business & Professions Code §§ 17200 and 17500, *et seq.*, and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.      The action arises from the failure of Grenada Resort Complex Ltd., GRC Leisure Estate Ltd., and Harmony Investcorp Ltd. to compensate WATG for services performed under multiple, related contracts (the "Contracts") for interior design, architecture, and landscape architecture services on a variety of resort projects in Grenada; from continued misrepresentations by Entity Defendants and individually by Charles Liu and Michael Cogswell that payments were forthcoming; and from false and misleading advertisements implying a continuing business partnership between Entity Defendants and WATG despite Entity Defendants' failure to compensate WATG for services performed.

**PARTIES, JURISDICTION AND VENUE**

3.      WATG is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 300 Spectrum Center Drive, Suite 500, Irvine, California.

4.      Defendant Grenada Resort Complex Ltd. is a foreign corporation organized and existing under the laws of the Grenada, with its principal place of business in Grenada.

5.      Defendant GRC Leisure Estate Ltd. is a foreign corporation organized and existing under the laws of the Grenada, with its principal place of business in Grenada.

///

///

WIMBERLY ALLISON TONG AND GOO, N.A.'S COMPLAINT

6.      Defendant Harmony Investcorp Ltd. is a foreign corporation organized and existing under the laws of the Grenada, with its principal place of business in Grenada.[1]

7.      Defendant Charles Liu is the former Chief Executive Officer of each Entity Defendant. Upon information and belief, he is a resident of California.

8.      Defendant Michael Cogswell is the current Global Vice President of each Entity Defendant. Upon information and belief, he is a resident of California.

9.      The Court has original jurisdiction over the federal claims in this action under 28 U.S.C. § 1331 as the claims arise under the laws of the United States.

10.     The Court has supplemental jurisdiction over the California law claims in this action under 28 U.S.C. § 1367, as the claims are so related to the federal law claims in this action that they form part of the same case or controversy.

11.     The Court has personal jurisdiction over Defendants because the parties expressly consented to jurisdiction under the laws of the State of California in the Contracts.

12.     Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred within this judicial district. Specifically, the Contracts at issue were entered into and performed in significant part in Irvine, California.

## GENERAL ALLEGATIONS

13.     WATG is an architectural, landscape, and interior design company based in Irvine, California, providing both design and strategic advisory services to resorts and master planned communities around the world for more than 70 years.

---

[1] Upon information and belief, Harmony Investcorp Ltd. may also be known as United Damei Investment Co. Ltd., or United Lamei Investment Ltd. However, as "Harmony Investcorp Ltd." is the signatory on all relevant contracts with WATG, Plaintiff will use this name for the corporation in its Complaint.

WIMBERLY ALLISON TONG AND GOO, N.A.'S COMPLAINT

SNELL & WILMER
L.L.P. LLP, SUITE 1400
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

14.     Defendants Grenada Resort Complex Ltd., GRC Leisure Estate Ltd., and Harmony Investcorp Ltd. are all Grenadian corporations involved in the development of the Grenada Resort Complex, near St. George's, Grenada. Upon information and belief, this complex, currently under construction, is designed to include a variety of hotels, shopping, and resort amenities, as well as a dedicated medical district.

15.     All three Entity Defendants are related, as they overlap significantly in ownership and personnel, and upon information and belief, may also have intertwined finances. The three companies are treated interchangeably in the Contracts, and they have been operating in relationship to WATG as one consolidated entity.

16.     Between September 18, 2014, and September 30, 2015, WATG entered into multiple contracts with Entity Defendants to provide a variety of interior design, architecture, and landscape architecture services on four separate projects related to the Grenada Resort Complex.

17.     The four projects are as follows:

a)     Grenada Resort and Residential, Project No. 144126, between WATG and Harmony Investcorp Ltd./Grenada Resort Complex Ltd. ("Project 1");

b)     Grenada Resort and Residential, Project No. 152027, between WATG and GRC Leisure Estate Ltd. ("Project 2");

c)     Grenada Resort Showroom, Project No. 152030, between WATG and Grenada Resort Complex Ltd. ("Project 3");

d)     Grenada Resort Showroom, Project No. 154086, between WATG and Grenada Resort Complex, Ltd. ("Project 4").

18.     WATG and Harmony Investcorp Ltd. entered into the first Project 1 contract on September 18, 2014. This contract was replaced by a proposal for additional services on October 31, 2014. WATG and Grenada Resort Complex Ltd.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

WIMBERLY ALLISON TONG AND
GOO, N.A.'S COMPLAINT

also signed agreements for additional work on Project 1 on April 10, 2015; May 18, 2015; and March 24, 2016; and the President/Chief Executive Officer of Grenada Resort Complex Ltd. agreed via e-mail to provide additional funds to WATG for Project 1 on May 3, 2016. For Project 1, WATG provided advisory services to Harmony Investcorp Ltd. and Grenada Resort Complex Ltd., to assist with the conceptual design, resort and residential studies, master planning, and general coordination services for the Grenada Resort Complex. Although its early invoices were paid, WATG has not received payment for most of the services rendered for this Project in 2016. WATG is still owed $180,500.00 for Project 1. The signed contracts for Project 1 are attached as Exhibit A.

19.    WATG and GRC Leisure Estate Ltd. entered into an agreement for Project 2 on September 30, 2015.[2] Under this agreement, WATG provided interior design services to GRC Leisure Estate Ltd. for the senior living residential units and the wellness hotel. WATG has not received payment for the 2016 services rendered under this agreement, and is still owed $25,000.00 for Project 2. The signed contract for Project 2 is attached as Exhibit B.

20.    WATG and Grenada Resort Complex Ltd. entered into an agreement for Project 3 on September 30, 2015. Under this agreement, WATG provided interior design services to Grenada Resort Complex Ltd., for the showroom facilities for the Grenada Resort Complex. Although its early invoices were paid, WATG has not received payment for most of the services rendered in 2016 or any rendered in 2017. WATG is still owed $221,000.00 for Project 3. The signed contract for Project 3 is attached as Exhibit C.

_____

[2] WATG and GRC Leisure Estate Ltd. also entered into a separate agreement for this same project on June 5, 2015, for WATG to provide interior design services for the Grenada Resort Complex regular residential units. All invoices issued to GRC Leisure Estate Ltd. for these services were paid in full.

WIMBERLY ALLISON TONG AND
GOO, N.A.'S COMPLAINT

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

21.     WATG and Grenada Resort Complex Ltd. entered into an agreement for Project 4 on September 30, 2015. Under this agreement, WATG provided conceptual, architectural, and landscape design services to Grenada Resort Complex Ltd., for the development and construction of the showroom facilities for the Grenada Resort Complex. Although its early invoices were paid, WATG has not received payment for most of the services rendered in 2016 or any rendered in 2017. WATG is still owed $277,640.00 ($84,000.00 for landscape design services and $193,640.00 for architectural design services) for its work on Project 4. The signed contract for Project 4 is attached as Exhibit D.

22.     WATG has performed or attempted to perform all of its responsibilities under the Contracts.

23.     Defendants have repeatedly assured WATG that payment is forthcoming under the Contracts.

24.     Defendants Liu and Cogswell each explicitly assured WATG that they understood payments were still owed under the Contracts, and that Entity Defendants would pay these outstanding invoices within a reasonable period of time.

25.     Despite repeated communication, recurring attempts at negotiations, and numerous demands for payment, including a formal demand for payment from WATG's counsel on June 16, 2017, Defendants have failed to make the full payments owed under each of the Contracts.

26.     WATG is still owed a total of $704,140.00 on all Contracts for the four Projects.

27.     The outstanding payments are overdue and, pursuant to the terms of the Contracts, accumulating interest.

28.     After entering into the Contracts with WATG, media outlets have presented a negative image of the Entity Defendants resulting from their ownership by Defendant Liu and his involvement in the development of the Grenada Resort

WIMBERLY ALLISON TONG AND GOO, N.A.'S COMPLAINT

Complex. These articles have also expressed concerns about the financial viability of the project moving forward.

## CLAIMS FOR RELIEF

### COUNT 1

### (43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

### Against Entity Defendants)

29.     WATG restates, realleges, and incorporates by reference the allegations made in Paragraphs 1 through 28, above.

30.     As described above, Entity Defendants continue to portray WATG as a "Grenada Resort Partner" on their website advertising the resort complex, despite failing to compensate WATG for services rendered.

31.     This portrayal deceives, or has a tendency to deceive, WATG's customers and potential customers.

32.     This deception implies WATG continues to be affiliated with the Entity Defendants. This deceptive affiliation, in combination with the news reports of Entity Defendants' financial and political problems, is likely to influence the purchasing decisions of WATG's customers and potential customers.

33.     Entity Defendants' website has entered interstate commerce, and can be viewed by any individual with an internet connection.

34.     Entity Defendants' false and misleading advertising statements have caused, and will continue to cause, immediate and irreparable injury to WATG's business, reputation and goodwill, for which there is no adequate remedy at law.

35.     Plaintiff is entitled to an injunction under 15 U.S.C. § 1116(a), restraining Entity Defendants, their agents, employees, representatives, and all persons acting in concert with Entity Defendants from engaging in future acts of false advertising, and ordering immediate removal of all of references to WATG on Entity Defendants' advertising materials.

WIMBERLY ALLISON TONG AND GOO, N.A.'S COMPLAINT

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

36.     Pursuant to 15 U.S.C. § 1117(a), WATG is further entitled to recover from Entity Defendants the damages sustained by WATG as a result of Entity Defendants' acts in violation of 15 U.S.C. § 1125(a), in an amount to be proven at trial.

## COUNT 2

### (Breach of Contract against Entity Defendants)

37.     WATG restates, realleges, and incorporates by reference the allegations made in Paragraphs 1 through 36 as if fully set forth herein.

38.     The parties' Contracts created valid and binding contracts between WATG and Entity Defendants.

39.     WATG has performed or attempted to perform all enforceable conditions, covenants, promises, and terms required to be performed by it under the parties' Contracts.

40.     Nevertheless, Entity Defendants have breached the parties' Contracts by failing to compensate WATG for work performed.

41.     As a direct and proximate result of Entity Defendants' breach of contract, WATG has sustained damages in an amount to be proven at the time of trial.

## COUNT 3

### (Breach of Implied Covenant of Good Faith and Fair Dealing
### against Entity Defendants)

42.     WATG restates, realleges, and incorporates by reference the allegations made in Paragraphs 1 through 41 as if fully set forth herein.

43.     A covenant of good faith and fair dealing is implied in all contracts to prevent parties from engaging in conduct that frustrates the other party's benefits under the contract.

SNELL & WILMER
L.L.P. LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

WIMBERLY ALLISON TONG AND
GOO, N.A.'S COMPLAINT

44.    WATG has performed or attempted to perform all enforceable conditions, covenants, promises and terms required to be performed by it under the Contracts.

45.    Entity Defendants, nevertheless, unfairly interfered with WATG's right to receive the benefits of the agreement and breached the covenant of good faith and fair dealing by, among other things, failing to compensate WATG for work performed.

46.    As a direct and proximate result of Entity Defendants' breach of the duty of good faith and fair dealing, WATG has sustained damages in an amount to be proven at the time of trial.


**COUNT 4**

**(Intentional Misrepresentation against all Defendants)**

47.    WATG restates, realleges, and incorporates by reference the allegations made in Paragraphs 1 through 46 as if fully set forth herein.

48.    After performing on the Contracts, WATG has repeatedly requested payment from Defendants for its services rendered.

49.    Defendants have repeatedly assured WATG that payment under the Contracts was forthcoming.

50.    Based on this information, WATG did not take further action, legal or otherwise, to collect the outstanding payments owed under the Contracts until filing this Complaint.

51.    Despite their assurances, Defendants never actually intended to pay WATG for services rendered.

52.    As a direct and proximate result of Defendants' misrepresentations, WATG has sustained damages in an amount to be proven at the time of trial.

WIMBERLY ALLISON TONG AND
GOO, N.A.'S COMPLAINT

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**COUNT 5**

**(Negligent Misrepresentation against all Defendants)**

53.     WATG restates, realleges, and incorporates by reference the allegations made in Paragraphs 1 through 52 as if fully set forth herein.

54.     After performing on the Contracts, WATG has repeatedly requested payment from Defendants for its services rendered.

55.     As described above, Defendants have repeatedly assured WATG that payment under the Contracts was forthcoming.

56.     Based on this information, WATG did not take further action, legal or otherwise, to collect the outstanding payments owed under the Contracts until filing this Complaint.

57.     Despite their assurances, Defendants have repeatedly failed to pay WATG for services rendered.

58.     As a direct and proximate result of Defendants' misrepresentations, WATG has sustained damages in an amount to be proven at the time of trial.

**COUNT 6**

**(Goods and Services Rendered against Entity Defendants)**

59.     WATG restates, realleges, and incorporates by reference the allegations made in Paragraphs 1 through 58 as if fully set forth herein.

60.     Beginning September 18, 2014, when it signed its initial Contract for Project 1, WATG has performed a variety of architectural and design services for Entity Defendants.

61.     The reasonable value of the services and costs provided to Defendants was at least $2,492,377.00, the amount for which WATG has invoiced or is currently in the processing of invoicing Entity Defendants. However, Entity Defendants have failed to fully compensate WATG for the services rendered and the costs incurred on Entity Defendants' behalf, leaving an amount reasonably

WIMBERLY ALLISON TONG AND GOO, N.A.'S COMPLAINT

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  owed of at least $704,140.00.

2      62.    Entity Defendants benefited from these services and expenses as they

3  were provided with high-quality architectural and design services.

4      63.    Despite WATG's repeated demands for payment of the sums owed,

5  Entity Defendants have left a sum of at least $704,140.00 still due, owing, and

6  unpaid.

7                              **COUNT 7**

8              **(Account Stated against Entity Defendants)**

9      64.    WATG restates, realleges, and incorporates by reference the

10 allegations made in Paragraphs 1 through 63 as if fully set forth herein.

11     65.    On multiple occasions an account was stated between WATG and the

12 Entity Defendants wherein it was agreed that Entity Defendants were indebted to

13 WATG in the sum of $704,140.00.

14     66.    Entity Defendants did not object within a reasonable time to any of the

15 outstanding account invoices at issue here.

16     67.    Despite repeated demands, Entity Defendants have failed to pay the

17 entire amount due and owing to WATG, and there is now due, owing, and unpaid

18 from Entity Defendants to WATG the sum of no less than $704,140.00, together

19 with interest accruing thereon at the legal rate.

20

21                              **COUNT 8**

22    **(Violation of California Business & Professions Code § 17200**

23                     **against all Defendants)**

24     68.    WATG restates, realleges, and incorporates by reference the

25 allegations made in Paragraphs 1 through 67 as if fully set forth herein.

26     69.    California Business & Professions Code §§ 17200, *et seq.* prohibits

27 unfair competition, which includes unlawful business acts or practices.

28

WIMBERLY ALLISON TONG AND
GOO, N.A.'S COMPLAINT

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

70.    As set forth in detail above, Defendants have committed and continue to commit acts of unlawful and unfair competition in violation of California Business & Professions Code § 17200 by, among other things, failing to pay WATG under the Contracts for services rendered, and representing that they would pay but repeatedly failing to do so.

71.    As a direct and proximate result of the aforesaid unlawful acts of Defendants, WATG has suffered and continues to suffer irreparable damage to its business.

**COUNT 9**

**(California Business & Professions Code § 17500**

**against Entity Defendants)**

72.    WATG restates, realleges, and incorporates by reference the allegations made in Paragraphs 1 through 71, above.

73.    California Business & Professions Code §§ 17500 *et seq.* prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public.

74.    WATG remains listed as a "Grenada Resort Partner" on Entity Defendants' website despite their failure to compensate WATG for its services and WATG's repeated requests to remove this misleading representation.

75.    Entity Defendants are aware that portraying WATG as a "Partner" to the public is misleading, but nonetheless have not updated their website.

76.    The website is likely to have deceived, and continue to deceive, the consuming public for the reasons detailed above.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, WATG prays for relief as follows:

A.    That the Court enter judgment in favor of WATG;

B.    For damages according to proof at trial. WATG is due, at minimum

WIMBERLY ALLISON TONG AND
GOO, N.A.'S COMPLAINT

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    and excluding accrued interest, $704,140.00 in outstanding Contract payments as
2    allocated between the respective Projects:

3         a.    Project 1: $180,500.00,

4         b.    Project 2: $25,000.00,

5         c.    Project 3: $221,000.00,

6         d.    Project 4: $277,640.00, and

7         e.    Any and all damages related to the false and misleading
8    advertising in violation of the Lanham Act, in an amount to be proven at trial;

9         C.    That the Court grant injunctive relief in the form of prohibiting
10   Defendants from producing false advertising with respect to its business
11   relationship with WATG. At minimum, WATG requests that it be removed from
12   Entity Defendants' website unless and until all payments are made under the
13   Contracts;

14        D.    That the Court award WATG its costs in this suit, including attorneys'
15   fees to the extent recoverable by contract or statute; and

16        E.    That the Court grant WATG such other and further relief as the Court
17   deems just and proper.

## JURY DEMAND

19        WATG demands a trial by jury on all issues so triable in its Complaint.

21   Dated: September 26, 2017              SNELL & WILMER L.L.P.

22                                         By: */s/Jeffrey M. Singletary*
23                                             Jeffrey M. Singletary
                                               Brett W. Johnson
24                                             Attorneys for Wimberly Allison
                                               Tong & Goo, N.A.

4831-7256-2255

WIMBERLY ALLISON TONG AND
GOO, N.A.'S COMPLAINT

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689